UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10539
Summary Calendar
_____


WILLIAM HENDREN and ANNE GRAY

                                Plaintiffs-Appellants

                         versus

FRED SEAL, of the Texas Department of Protective &
Regulatory Service

                                Defendant-Appellee

_____

Appeal from the United States District Court for the
Northern District of Texas
(3 95 CV 687 T)
_____
(October 20, 1995)


Before KING, SMITH and BENAVIDES Circuit Judges.

PER CURIAM:[*]

    Appellants William Hendren and Anne Gray ("Plaintiffs") appeal pro se from the dismissal of their lawsuit against appellee Fred Seal of the Texas Department of Protective and Regulatory Service ("TDPRS") for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). We affirm.

_____

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

DISCUSSION

On April 11, 1995, Plaintiffs sued Fred Seal of the TDPRS for unspecified civil rights violations stemming from the alleged denial of visitation with their grandchild. Plaintiffs sought $10,006,000 in damages. Seal moved to dismiss the suit on immunity grounds contending that he was being sued in his official capacity. The district court granted the motion and dismissed the suit under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs appeal pro se.

We review the district court's dismissal for failure to state a claim for relief de novo. First Gibraltar Bank, FSB v. Smith, 62 F.3d 133, 135 (5th Cir. 1995). It is well-settled that the Eleventh Amendment bars a suit in a federal court against a state unless the sovereign has unequivocally expressed waiver of its immunity. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984). Similarly, the Eleventh Amendment bars suits against state officials when the state is the real, substantial party in interest. Id. at 101. Furthermore, state officials sued in their official capacity are not liable for damages under 42 U.S.C. § 1983 because they assume the identity of the government that employs them. Hafer v. Melo, 112 S. Ct. 358, 362 (1991).

The district court properly dismissed Plaintiffs' claims because the suit was against Seal in his official capacity. Plaintiffs' complaint states that "Defendant, styled above, is now and at all times mentioned was, a state agency operating in the state of Texas." The complaint also alleges that "Plaintiffs were harmed by Defendant through the action of agents of Defendant." On

2

its face, Plaintiffs' petition reveals that the real substantial party in interest is a state agency, TDPRS. As recently as their late-filed reply brief, Plaintiffs continue to refer to "the supervisory staff of Defendant, The Texas Department of Protective and Regulatory Services." It is clear to this Court, as it was to the district court, that regardless of how it is styled, Plaintiffs' suit is one against a state agency or its officer acting in an official capacity. Consequently, absent consent to suit, Plaintiffs' claims are barred by absolute immunity.

Plaintiffs argue that our holding in <u>Doe v. Taylor Independent School District</u>, 15 F.3d 443 (5th Cir.) (en banc), <u>cert. denied</u>, 115 S. Ct. 70 (1994), dictates a different result. In <u>Taylor</u>, we adopted a test for whether a supervisory school official can be held <u>personally liable</u> for a subordinate's violation of a student's right to bodily integrity. 15 F.3d at 454. The three-part <u>Taylor</u> test is inapplicable in this situation where it is clear from the face of the pleadings that Seal is being sued in his official capacity, rather than in his individual capacity.

CONCLUSION

The district court did not err in dismissing Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). The judgment is AFFIRMED.